UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KATHRYN WIEDERSUM,                                    Case No. 21-CV-1733 (PJS/TNL)

Plaintiff,

v.                                                                              ORDER

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant.

Mark Klotzbuecher, FIELDS LAW FIRM, for plaintiff.

This matter is before the Court on plaintiff Kathryn Wiedersum's objection to

Magistrate Judge Tony N. Leung's report and recommendation ("R&R"), in which

Judge Leung recommends that Wiedersum's claims be dismissed without prejudice for

failure to prosecute.  For the following reasons, Wiedersum's objection is overruled, the

R&R is adopted, and the complaint is dismissed without prejudice.

Wiedersum filed this action against defendant First Reliance Standard Life

Insurance Company ("First Reliance") on July 29, 2021.  ECF No. 1.  Wiedersum was

required to serve the summons and complaint on First Reliance on or before October 27,

2021.  Fed. R. Civ. P. 4(c)(1) and 4(m).  She failed to do so.

On November 10, 2021, Judge Leung ordered Wiedersum to show cause within

30 days (that is, by December 10, 2021) why her claims should not be dismissed because

of her failure to comply with Fed. R. Civ. P. 4. ECF No. 4 at 1–2. Judge Leung

specifically warned Wiedersum that failing to respond to his order to show cause "may

result in dismissal of this action for failure to prosecute." *Id.* at 2.

In response to Judge Leung's order, Wiedersum did nothing. She did not serve

her summons and complaint; she did not move for an extension of her deadline; she did

not even contact Judge Leung to explain her situation. She simply ignored Judge

Leung's order.

On December 30, 2021—50 days after Judge Leung gave Wiedersum an

additional 30 days to serve the summons and complaint, and 65 days after Wiedersum's

original deadline—Judge Leung entered his R&R recommending that Wiedersum's

complaint be dismissed without prejudice for failure to prosecute. ECF No. 5 at 2–3.

Only then did Wiedersum rouse herself into action. On January 5, 2022, she filed

an objection to the R&R in which she alleges that she has been "stonewalled" by First

Reliance. ECF No. 6 at 1. By "stonewalled," Wiedersum apparently means that First

Reliance has asked her to effect service as required by the Federal Rules of Civil

Procedure. Wiedersum says that she "attempted to serve the defendant process in the

normal manner with the insurer's local counsel . . . but was informed that defendant

will only accept process in the state of New York." *Id.* Her attempt to serve First

Reliance at its principal place of business in New York then ended in failure, she says,

because a doorman at that place of business told her process servers that "everyone was

working virtually and there was no one to accept service."  *Id.*  Wiedersum complains

that, in her opinion, "this is not a valid excuse," and argues that a defendant should not

"use virtual work as a shield against proper service at their principal place of

business"—as though First Reliance was working remotely to duck service of process

instead of to protect the health of its employees.  *Id.*  Finally, says Wiedersum, her

attorney did some legal research and discovered that she can serve process on First

Reliance through the New York Secretary of State.  *Id.* at 2.

      Wiedersum does not explain why it took her attorney five months to do the

20 minutes of legal research necessary to learn how to effect federal service on a

corporation in New York.  Nor does Wiedersum explain why her attorney did not seek

an extension of the original 90-day deadline for service, forcing Judge Leung to issue a

show-cause order.  Nor does Wiedersum explain why her attorney simply ignored

Judge Leung's show-cause order, forcing Judge Leung to enter the R&R.

      Wiedersum's main objection to the R&R is that it is "unjust for [her] to have to

refile the suit and incur an additional filing fee and time expenditure."  *See id.* at 2–3.

The Court disagrees.  What would be "unjust" is for Wiedersum's attorney to ignore the

deadline for service in the Federal Rules of Civil Procedure and then ignore a show-

cause order issued by a magistrate judge—thereby inflicting needless work on a busy federal court—without any consequence whatsoever.

The Court agrees with Judge Leung that dismissal without prejudice is the appropriate consequence here. That will hopefully deter Wiedersum's attorney and others from similarly ignoring deadlines and orders while also ensuring that Wiedersum will be able to pursue her claims by filing (and timely serving) a new lawsuit. ECF No. 5 at 2–3 (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000), and *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's objection [ECF No. 6] is OVERRULED; the R&R [ECF No. 5] is ADOPTED; and plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 11, 2022                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge